ANSTEAD, Judge,
concurring specially.
I agree with the majority that the general rule is that a cause of action for defamation is personal to the one allegedly defamed. See Curtis v. Evening News Ass’n., 135 Mich.App. 101, 352 N.W.2d 355 (Mich.Ct.App.1984); Fasching v. Kallinger, 211 N.J.Super. 26, 510 A.2d 694, 701 (N.J.Super.Ct.App.Div.1986). See also K. Keeton, Prosser and Keeton on the Law of Torts § 111, at 778 (5th ed. 1984).
We have also declined to review orders which authorize attorney’s fees but do not set the amount. Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981); F. V. Scutti v. Daniel E. Adache & Associates Architects, P.A., 480 So.2d 718 (Fla. 4th DCA 1986).